[No. 9,324.  Department Two—January 17, 1885.]

## AMANDA E. BOYD, Appellant, v. WILLIAM DODSON, Guardian of Silas A. Boyd, an Insane Person, Respondent.

Guardian ad Litem—Insane Person.—A court has no jurisdiction to appoint a guardian *ad litem* for a person alleged to be insane, who is not made a party to the action.

Appeal from a judgment of the Superior Court of the county of Modoc.

The facts are stated in the opinion of the court.

*F. W. Ewing*, for Appellant.

*J. J. May*, for Respondent.

The Court.—The foregoing is the title of the action as appears throughout the transcript. The allegations of the complaint concern the plaintiff as guardian of the person and estate of the insane person, and the said insane person, and in no way concern the defendant Dodson. It appears that Dodson was appointed guardian *ad litem* of the insane person, but it does not appear that the latter was ever a party to the action. It is only when an insane person is a party, that the court has jurisdiction to appoint a guardian *ad litem*. (§§ 372 and 373, Code Civ. Proc.)

We do not think the complaint states facts sufficient to show that the Superior Court, sitting in probate, had not jurisdiction to settle the account of plaintiff as guardian, and does not show sufficient reason why she did not present her account to that court. It does not appear that an inventory cannot, even at this late day, be filed. The demurrer was properly sustained. Judgment affirmed.